IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANICE HUNT, | |
| Plaintiff | CASE NO.: 07-cv-1934 (JHR) |
| v. | |
| DELL INC. COMPREHENSIVE WELFARE BENEFITS PLAN | |
| and | |
| AETNA, INC., as Third-Party Administrators of the Plan, | |
| Defendants | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS PLAINTIFFS' COMPLAINT**
(Returnable July 6, 2007)

Edward S. Wardell, Esquire
KELLEY, WARDELL, CRAIG,
ANNIN & BAXTER, LLP
41 Grove Street
Haddonfield, NJ 08033
(856) 795-2220
*Attorneys for Defendants
Dell Inc. Comprehensive Welfare Benefits Plan
and Aetna Inc.*

Dated: June 5, 2007

# TABLE OF CONTENTS

                                                                                     **Page**

TABLE OF AUTHORITIES .................................................. ii

I. INTRODUCTION ..................................................... 1

II. STATEMENT OF FACTS AND PROCEDURAL HISTORY ...................... 2

      A. Statement of Facts ............................................. 2

           1. The Parties ............................................ 2

           2. Plaintiff's Contrived Claim for Benefits
              Under the Plan ........................................ 2

           3. The Request for Information by Counsel
              for Plaintiff ............................................ 3

III. ARGUMENT ......................................................... 6

      A. Plaintiff's Claim for Benefits under Section 502(a)
         of ERISA Must Be Dismissed Because Plaintiff Has
         Failed to State a Claim for Which Relief Can be Granted ............. 7

      B. Plaintiff's Claim for Failure to Provide Required
         Disclosures Must Be Dismissed Because Plaintiff
         Has Failed to State a Claim under Section 502(c)
         of ERISA .................................................. 8

IV. CONCLUSION ....................................................... 9

# TABLE OF AUTHORITIES

Briglia v. Horizon Healthcare Services, Inc.,
   2005 WL 1140687 (D.N.J., May 13, 2005) .............................. 6, 7

Chugh v. Western Inventory Services, Inc.,
   333 F.Supp32d 285 (D.N.J. 2004) ..................................... 6

In re Burlington Coat Factory Secs. Litig.,
   114 F.3d 1410 (3d Cir. 1997) ........................................ 6

In re Rockfeller Ctr. Prop., Inc., Sec. Litig.,
   311 F.3d 198 (3d Cir. 2002) ......................................... 6

Jordan v. Fox, Rothschild, O'Brien & Frankel,
   20 F.3d 1250 (3d Cir. 1994) ......................................... 6

Nazay v. Miller,
   949 F.2d 1323 (3d Cir. 1991) ........................................ 7

Nechis v. Oxford Health Plans, Inc.,
   328 F. Supp.2d 469 (S.D.N.Y. 2004), aff'd 421 F.3d 96 (2nd Cir. 2005) .......... 8, 9

Pension Benefit Guar. Corp. v. White Consol. Inds., Inc.,
   998 F.2d 1192 (3d Cir. 1993), cert denied, 510 U.S. 1042 (1994) ............... 6

Shaw v. Digital Equip. Corp.,
   82 F.3d 1194 (1st Cir. 1996) ........................................ 6

Shiffler v. Equitable Life Assur. Society,
   838 F.2d 78 (3d Cir. 1988) .......................................... 7

Vanderklok v. Provident Life and Accident Ins. Co.,
   956 F.2d 610 (6th Cir. 1992) ........................................ 9

## Other Authorities

Rule 12(b)(1) ............................................................ 6

Rule 12(b)(6) ............................................................ 6

29 U.S.C. § 1001 ......................................................... 2

29 U.S.C. § 1002 ......................................................... 8

29 U.S.C. § 1132 .................................................... 1, 7, 8

I.  INTRODUCTION

Plaintiff Janice Hunt is an employee of Dell, Inc., and a participant in its self-insured employee benefit plan. (Complaint, ¶¶ 1 & 19) Defendant Dell Inc. Comprehensive Welfare Benefits Plan is an employee benefit plan sponsored by Dell under ERISA. (Id., ¶ 2) The Complaint alleges that Defendant Aetna, Inc., is the third party administrator for the Plan. (Id., ¶ 3) Plaintiff brings this action: (1) "against the Plan to recover benefits to which she is [allegedly] entitled . . . under § 502(a)(1)(B) of ERISA" (id., ¶ 5); and (2) "against the Plan's [alleged] third party administrator, Aetna, under 29 U.S.C. § 1132(c)(1) to redress Aetna's failure to provide relevant records . . . ." (Id., ¶ 6)

By this Motion, Defendants seek to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) for failure to state a claim for which relief can be granted. Plaintiff's claim fails to state a claim against the Plan under Section 502(a)(1)(B) because the benefit she seeks, the replacement costs of a prosthetic device obtained in 1996, is not eligible for coverage. (See page 7, infra) The Complaint affirmatively pleads this the device was replaced in 2002 and "[the Plan] approved and paid benefits" for its replacement. (Complaint, ¶ 21) Plaintiff's claim against Aetna, Inc., the alleged third party administrator, fails to state a claim under Section 502(c)(1) because Aetna, Inc., is not the plan administrator and is not subject to the disclosure requirements of that provision of ERISA. (See pages 8-9, infra) Moreover, the Complaint does not identify any failure by any party to produce information which must be disclosed under ERISA.

1

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A. Statement of Facts

The allegations of the Complaint reveal the following undisputed facts.

#### 1. The Parties

Plaintiff Janice Hunt is an individual and Account Executive for Dell, Inc. (Complaint, ¶ 1) Since birth, Mrs. Hunt "has functioned without a limb below her right elbow." (Id., ¶ 9) Despite this "impairment," she "is an accomplished and successful business-woman." (Id., ¶¶ 9 & 7)

Defendant Dell Inc. Comprehensive Welfare Benefits Plan ("the Plan") is an employee welfare benefit plan sponsored by Dell Inc., under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. (Complaint, ¶ 2) As an employee of Dell, Mrs. Hunt is a participant in the Plan. (Id., ¶ 19)

The Complaint mistakenly alleges that Aetna, Inc., is a third party administrator for the Plan. (Id., ¶ 3) In fact, Aetna Life Insurance Company ("Aetna") provided specific administrative services for the Plan. (See Complaint, ¶ 36 & Exhibit "H") While Aetna is one of the third party claims administrators for the Plan, Dell remains the Plan Administrator with complete authority over the Plan. (Complaint ¶ 3 & Exhibit "A"; 2006 SPD, at 4, 180 & 181, a copy of which is attached hereto as Exhibit "A")

#### 2. Plaintiff's Contrived Claim for Benefits Under the Plan

Plaintiff seeks to recover from the Plan the replacement costs of a prosthetic device she has had since approximately 1996. (Complaint, ¶¶ 5 & 18 & Exhibit "I," at p. 3)[1] The

---

[1] The Complaint alleges that "Plaintiff has had the device she now seeks to replace for 8 years." (Complaint, ¶ 23) In her April 26, 2006, letter to Aetna, however, Mrs. Hunt explained that she "ha[s] used a Pillet hand since 1996 and in 2002 a Pillet hand was considered appropriate . . . and paid for

2

Plan provides benefits for "[p]rosthetic devices that replace a limb or body part . . . ." (Id., ¶ 23 & Ex. "B") The device must be ordered or provided by a physician. The Plan provides benefits for "a single purchase of a prosthetic device" and "for the replacement of [the] prosthetic device **every five calendar years**." (Id.) (emphasis added).

Mrs. Hunt has used a custom-made passive hand and forearm device known as a "Pillet Hand" since 1996. (Id., ¶¶ 11 & 21 & Exhibit "I," at p. 3) Six years after she acquired this prosthesis, the Plan provided benefits for its replacement. "Specifically, in 2002, [the Plan] approved and paid [benefits] for Hunt's custom designed and made hand and forearm prosthesis from Pillet . . . ." (Id., ¶ 21)

Plaintiff alleges that in February 2006, barely four years after the Plan covered the replacement costs for Plaintiff's prosthesis, "Aetna denied coverage" for another custom made prosthesis. (Id., ¶ 34) The Complaint fails to identify any physician order, cost incurred or claim submitted for this replacement prosthesis. Instead, Plaintiff alleges that she procured a "PROFORMA INVOICE" from Pillet for the costs of an initial hand and forearm prosthesis. (Id., ¶ 33 & Ex. "E") To circumvent the Plan's limitation on benefits to the replacement prosthetic devices obtained "every five calendar years" (id., Exhibit "B"), Plaintiff alleges that she seeks to replace the devise she has had since 1996. (Id., ¶ 18) That device, of course, was replaced in 2002. (Id., ¶¶ 18 & 21)

### 3. The Request for Information by Counsel for Plaintiff

Plaintiff also seeks "to redress" an alleged failure by Aetna to provide documents and other information to her counsel. (Complaint, ¶ 6) Plaintiff alleges that on April 3, 2006, and again on April 26, 2006, Aetna advised her of the benefits available under the Plan for

---

[by the Plan]." (Id., Exhibit "I," at p. 3)

3

the cost of a prosthetic limb (id., ¶¶ 36-44); on June 7, 2006, Aetna confirmed the benefits available to Mrs. Hunt (id., ¶ 47 & Ex. "L"), and on June 29, 2006, Aetna provided another detailed explanation of the relevant plan provisions. (Id., ¶ 48 & Ex. "M") By separate correspondence on June 26, 2006, Aetna forwarded documents relevant to Mrs. Hunt's "[benefit] claim and appeal." (Id., ¶ 51)

On August 4, 2006, Plaintiff's current counsel "entered an appearance on behalf of Plaintiff . . . ." (Id., ¶ 52) By letter dated August 4, 2006, counsel wrote a letter to the Benefits Administrative Committee of the Plan and requested nine categories of documents. (Id., ¶ 52 & Exhibit "N") In general, these requests resemble the type of discovery routinely filed by attorneys in insurance litigation. (Id., Requests Nos. 1 to 8) In addition to documents generally related to Mrs. Hunt, counsel requested "all documents that relate to other plan participants with similar conditions." (Id., at Request No. 9)

In requesting information from the Plan counsel failed to obtain or to provide the Plan with an authorization from Mrs. Hunt to obtain records on her behalf. For this reason, on August 19, 2006, Aetna, the third party claims administrator, sent to Plaintiff an "Authorized Representative Designation form" for her to complete. (Complaint, ¶ 55 & Ex. "O") After Aetna forwarded the authorization to Mrs. Hunt, the Plan provided her counsel with the Summary Plan Description for the year 2006, together with the plan document effective January 1, 2005. (Id., ¶ 57 & Exhibit "P") In addition, on November 6, 2006, Dell produced the 2005 plan document, the 2002 Summary Plan Description and the 2006 Summary Plan Description, and advised counsel that Aetna, the third party claims administrator, would respond to its remaining requests for information. (Id., Exhibit "A")

By letter dated November 13, 2006, Aetna reproduced the materials which related

to Mrs. Hunt's request for benefits and provided counsel with a detailed explanation of the basis upon which it determined her benefits. (Id. ¶ 62 & Exhibit "R") Among other things, Aetna, as the claims administrator, explained to counsel the significance of Healthcare Common Procedure Coding System ("HCPCS") codes and the particular codes contained on the "PROFORMA INVOICE" provided to Aetna by Mrs. Hunt. Aetna detailed the manner in which reasonable and customary charges are calculated, the substance of its prior responses to Mrs. Hunt, the information reviewed by Aetna and its analysis of the prosthetic device. (Ex. "R," at pp. 1 to 3)  Aetna specifically advised counsel that it was not required "[to] provide claimants with access to or copies of files of other claims." (Id., at p. 2)

## III. ARGUMENT

Defendants seek to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In considering a motion to dismiss under Rule 12(b)(1) or 12(b)(6), the Court accepts as true the allegations of the plaintiff's complaint and all reasonable inferences that can be drawn therefrom. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). A pleading may be dismissed for failure to state a claim when no relief could be granted under any set of facts alleged in the complaint, Briglia v. Horizon Healthcare Services, Inc., 2005 WL 1140687 (D.N.J., May 13, 2005), at * 3. While the Court must accept all well pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party, In re Rockfeller Ctr. Prop., Inc., Sec. Litig., 311 F.3d 198, 215 (3d Cir. 2002), legal conclusions offered in the guise of factual allegations are given no presumption of truthfulness. Chugh v. Western Inventory Services, Inc., 333 F.Supp.2d 285, 289 (D.N.J. 2004).

In resolving a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a 'document *integral to or explicitly relied* upon in the complaint' may be considered" by the Court "without converting the motion [to dismiss] into one for summary judgment." In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) *quoting* Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996)(emphasis added). *Accord* Pension Benefit Guar. Corp. v. White Consol. Inds., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993), *cert denied*, 510 U.S. 1042 (1994)("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if plaintiff's claims are based on the document.") Because Plaintiff's claims are based on an

alleged denial of benefits under the terms of the Plan, the Court may consider the plan documents without converting this motion to dismiss into a motion for summary judgment. Briglia, 2005 WL 1140687, at * 3.

### A. Plaintiff's Claim for Benefits under Section 502(a) of ERISA Must Be Dismissed Because Plaintiff Has Failed to State a Claim for Which Relief Can be Granted

Section 502(a)(1)(B) of ERISA allows a participant or beneficiary to bring an action "to recover benefits due . . . , to enforce his rights . . . , or to clarify his rights under the terms of the [benefit] plan." 29 U.S.C. § 1132(a)(1)(B). To state a claim for the denial of benefits under Section 502(a)(1)(B), a beneficiary must not only identify some term of the plan that grants him the benefit he seeks, he must also allege facts which demonstrate the denial was arbitrary and capricious. When, as in this case, the plan gives the claims administrator discretionary authority to determine claims, the court must apply an arbitrary or capricious standard. Nazay v. Miller, 949 F.2d 1323, 1334 (3d Cir. 1991). A denial of benefits is arbitrary and capricious only if it is not rational or clearly erroneous. Shiffler v. Equitable Life Assur. Society, 838 F. 2d 78, 83 (3d Cir. 1988).

In this case, Plaintiff's claim against the Plan for benefits under Section 502(a) is frivolous. Plaintiff seeks to recover the replacement costs of a prosthetic device she has had since 1996. (Complaint, ¶¶ 5 & 18) That device, however, was replaced in 2002 and the Plan covered the replacement costs. (Id., ¶ 21) Because the Plan limits benefits to "the replacement of [a] prosthetic device every five calendar years," (id., ¶ 23 & Ex. "B"), the costs to replace the prosthesis Mrs. Hunt received in 2002 were not eligible for benefits in February 2006 when she procured a "PROFORMA INVOICE" for a new prosthetic or in April 2006 when the Plan allegedly denied her claim. (Id., ¶ 33 & Ex. "E")

7

**B.     Plaintiff's Claim for Failure to Provide Required Disclosures Must Be Dismissed Because Plaintiff Has Failed to State a Claim under Section 502(c) of ERISA**

Section 502(c) of ERISA, 29 U.S.C. § 1132(c), grants a court discretion to impose penalties on a plan "administrator" who fails to timely comply with a request by a beneficiary for the mandatory disclosure of certain plan information. Without identifying any information covered by ERISA's disclosure requirements, Plaintiff seeks "to redress Aetna's [alleged] failure to produce relevant records . . . ." (Complaint, ¶ 6) Once again, Plaintiff's claim is frivolous and fails to state a claim under Section 502(c) because neither Aetna Inc., nor the third party claims administrator, Aetna Life Insurance Company, is the plan "administrator" under ERISA.

The express disclosure requirements of ERISA are imposed only on the plan "administrator." See generally Nechis v. Oxford Health Plans, Inc., 328 F. Supp. 2d 469, 476 (S.D.N.Y. 2004), affirmed, 421 F.3d 96 (2nd Cir. 2005). ERISA defines the "administrator" of a plan as (i) the person specifically designated by the terms of the plan; or (ii) if an administrator is not designated, the plan sponsor. 29 U.S.C. § 1002(16)(A). ERISA defines "plan sponsor" as "the employer in the case of an employee benefit plan established or maintained by a single employer." 29 U.S.C. § 1102(16)(B)(I).

In this case, Aetna is not the plan administrator under the Plan and Plaintiff makes no such allegation.[2] To the contrary, Plaintiff specifically alleges that Aetna is a third party administrator which renders benefit determinations. (Complaint, ¶ 3 & Ex. "A") Because the Plan does not designate Aetna as the "administrator" and Plaintiff makes no such

---

[2] The Summary Plan Description effective January 1, 2006, specifically advised participants that the Plan administrative committee is responsible for general administration of the Plan and has all powers necessary to administer the Plan. (SPD, at 4, a copy of which is attached hereto as Exhibit "A")

8

allegation, Plaintiff cannot pursue a claim against Aetna under Section 502(c) of ERISA. See e.g., Vanderklok v. Provident Life and Accident Ins. Co., 956 F. 2d 610, 618 (6th Cir. 1992) (insurer not liable under Section 502(c)); Nechis v. Oxford Health Plans, Inc., 328 F. Supp. 2d at 476-77 (same).

The Complaint also fails to identify any information which Defendants failed to produce in violation of any ERISA mandate. The Plan produced copies of all plan documents (Complaint, ¶¶ 57 & 62, and Exhibit "A" & "O"), and Aetna produced specific documents related to Plaintiff's frivolous claim for benefits. (Id., ¶¶ 48, 51 & 62, and Exhibits "O" & "R") Nothing in ERISA or Plaintiff's frivolous claim justifies or compels Aetna or the Plan to reveal confidential "documents that relate to other plan participants with similar conditions." (Complaint, ¶ 52 & Exhibit "N," Request No. 9)

## IV. CONCLUSION

For the foregoing reasons, Defendants Dell Inc. Comprehensive Welfare Benefits Plan and Aetna, Inc., respectfully request that this Court dismiss the Complaint filed by Plaintiff Janice Hunt with prejudice.

> KELLEY, WARDELL, CRAIG,
> ANNIN & BAXTER, LLP
>
> _____
> Edward S. Wardell (ESW/4156)
> *Attorneys for Defendants*
> *Dell Inc. Comprehensive Welfare Benefits Plan
> and Aetna Inc.*

Dated: June 5, 2007

9